UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOSEF VOLMAN                                                   Case No 1:21-cv-04449-RPK-RER

                              Plaintiff,

                vs.

                                                              NOTICE OF MOTION

PERI PERI 2 LLC.
and 660-DEGRAW ST. LLC,

                              Defendant.
----------------------------------------------------------------X


        Plaintiff, JOSEF VOLMAN, hereby moves the Court pursuant to Federal Rule of Civil

Procedure 55 (b) and Local Civil Rule 55.2 to enter default judgment in favor of plaintiff and against

defendants, PERI PERI 2 LLC and 660-DEGRAW ST. LLC, for injunctive relief, damages, attorney

fees, costs and disbursements.



Dated: Brooklyn, New York

        January 19, 2022



                                                       ____/Gabriel A. Levy/_____
                                                       Gabriel A. Levy (5488655)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEF VOLMAN,

                                                    Case No 1:21-cv-04449-RPK-RER

                          Plaintiff,
              vs.


PERI PERI 2 LLC
and 660-DEGRAW ST. LLC,

                          Defendants.
------------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF PLAINITFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

Plaintiff Josef Volman ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby moves the Court and seeks entry of Default Judgment against Defendants Peri Peri 2 LLC and 660-Degraw St. LLC ("Defendants") and as grounds thereof state:

## FACTS AND PROCEDURAL HISTORY

1.    Plaintiff filed his Complaint in the above captioned case for injunctive relief, expenses, costs and Plaintiff's compensatory damages against Defendants on August 6, 2021. [ecf 1] (Exhibit 1; A copy of the complaint)

2.    The Complaint was brought against Defendants for violations of the Americans with Disabilities Act pursuant to 42 U.S.C. § 12181 et seq.

3.    A copy of the Complaint and Summons was served on Defendants by delivering a true copy of said Summons and Complaint to the Office of the Secretary of State of the State of New York on August 18, 2021 [See Summons Returned Executed [ecf 6, 7] (Exhibit 2; A copy of the affidavits of service]

4.    As such, responses to the Complaint were due from defendants on 9/8/2021.

5.  The defendant's failed to timely and properly respond to the Complaint.

6.  Plaintiff filed a timely request for Clerk's Entry of Default against the Defendants on January 12, 2022 [ecf 9].

7.  The Clerk entered its Defaults on January 18, 2022 [ecf 10] (Exhibit 3; A copy of the Clerk's Entry of Default)

8.  As of today, Defendants have not responded to Plaintiff's Complaint and has not retained counsel.

9.  Plaintiff's Complaint seeks injunctive relief to correct the violations of the ADA by all Defendants. The Complaint also sought an award of attorney's fees, costs and litigation expenses incurred in this action.

10. The "Facility" at issue is a business property owned and operated by Defendants which is located **173 4th Avenue, Brooklyn, New York 11217**.

11. The Premises and Facility are public accommodations as defined by and is subject to Title III of the ADA.

12. Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, facilities, and accommodations offered by Defendants as a direct result of Defendant's violations of the Americans with Disabilities Act.

13. Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendants failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

14. Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

15. The nature of the injunction sought by Plaintiff is outlined in their Complaint.

16. Upon information and belief, Defendants are not infants nor an incompetent persons,

and are not in the military service of the United States.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff to obtain a default judgment. See *Shariff v. Beach 90th Street Realty Corp.,* 2013 U.S. Dist. LEXIS 179255, 2013 WL 6835157, at (E.D.N.Y. Dec. 20, 2013). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, once a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment against that particular defendant. Fed. R. Civ. P. 55(b)(2). On a motion for default judgment, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See *Greyhound Exhibitgroup, Inc.* v. *E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Allstate Ins. Co. v. Mirvis,* 2015 U.S. Dist. LEXIS 44669, 2015 WL 1539671 (E.D.N.Y. Mar. 31, 2015). In accordance with Rules 55(a) and (b)(2), Plaintiff is entitled to final judgment after default against Defendants.

Pursuant to 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege that (1) he is disabled as defined by the ADA; (2) the defendant owns or operates a public accommodation; and (3) the defendant has discriminated against the plaintiff within the meaning of the ADA. Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008). Cankat v. Noisette Café Inc., 2016 U.S. Dist. LEXIS 134095 (Please refer to the Plaintiff's complaint Exhibit 1).

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue in this District was not disputed, nor could it be as the subject property is located in and the cause of action arose in New York County, New York.

## INJUNCTIVE RELIEF

Defendants are in violation of 42 U.S.C. §12181 et. Seq. of the Americans with Disabilities Act ("ADA") and 28 C.F.R. et. Seq. Since Defendants are in violation of the ADA, have discriminated against Plaintiff through said violations and have not rendered any Answers or other responsive pleadings in this action, the Plaintiff respectfully requests this Court enter a Default Judgment requiring Defendants to correct the architectural barriers listed as follows:

**ACCESSIBLE ELEMENTS**

I. INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING STEPS AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.

   a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. Accessible routes shall be provided where required by 206.2. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1). Changes in level shall comply with 303. Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II. NON COMPLIANT HANDRAILS NOT PROVIDED AS REQUIRED AT BOTH SIDES OF STEPS LEADING TO ENTRANCE.

   a. Handrails shall be provided on both sides of stairs and ramps.

III. INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING AREA.

   a. In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.

IV. INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING AREA. INACCESSIBLE TRAVEL PATH TO DINING TABLES LOCATED AT EXTERIOR DINING AREA. ACCESSIBLE ROUTE TO DINING TABLES LOCATED AT EXTERIOR DINING ARE NOT PROVIDED AS REQUIRED. EXISTING STEPS AT TRAVEL PATH LEADING TO DINING TABLES LOCATED AT EXTERIOR DINING AREA ACT AS A BARRIER TO ACCESSIBILITY.

   a. In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.

V. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AR EXTERIOR FINING AREA. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

   a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. A

clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

VI. INACCESSIBLE DINING COUNTER. NON-COMPLIANT HEIGHT OF DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING COUNTER. PORTION OF DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 903.3. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

VII. INACCESSIBLE SERVICE COUNTER. NON-COMPLIANT HEIGHT OF SERVICE COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    a. Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904. Sales counters and service counters shall comply with 904.4.1 and 904.4.2. The accessible portion of the counter top shall not extend the same depth as the sales or service counter top. A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (916 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

VIII. INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dini

    b. ng surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

IX.    INACCESSIBLE SELF SERVICE BEVERAGE COOLER DISPLAYING BEVERAGES
       FOR PURCHASE. NON-COMPLIANCE HEIGHT OF SHELVES IN SELF SERVICE
       BEVERAGE COOLER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
       a.  Self-servicing shelves and dispensing devices for tableware, dishware, condiments,
           food and beverages shall comply with 308. Where a forward reach is unobstructed,
           the high forward reach shall be 48 inches maximum and the low forward reach shall
           be 15 inches minimum above the finish floor or ground.

In *Adams v. 724 Franklin Ave. Corp.,*2016 U.S. Dist. LEXIS 180432 case, United States

District Court for the Eastern District of New York ruled as follows: "Plaintiff's complaint, the

factual allegations of which are deemed true, meets all the necessary elements of a claim under the

ADA. See 42 U.S.C. § 12182; Roberts v. Royal Atlantic Corp., 542 F.3d 363, 368 (2d Cir. 2008).

In terms of relief, defendants were served with a copy of the motion for a default judgment (as was

Mr. O'Donoghue, as a courtesy), but they have failed to respond. Plaintiff has requested an

injunction requiring defendants to correct each of the non-compliant aspects of their premises.

Plaintiff has cited to the particular ADA regulation requiring compliance, and is entitled to that

relief." Adams v. 724 Franklin Ave. Corp., 2016 U.S. Dist. LEXIS 180432

In this case, Plaintiff chose to remain in default and Plaintiff cited the particular ADA

regulation and the Court should grant default in his favor.

## CAUSE OF ACTION UNDER NEW YORK CITY HUMAN RIGHTS LAW

The New York City Human Rights Law provides:

"(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee,

proprietor, manager, superintendent, agent or employee of any place or provider of public

accommodation because of the actual or perceived ... disability ... of any person, directly or

indirectly, to refuse, withhold from or deny to such person any of the accommodations,

advantages, facilities or privileges thereof ... to the effect that any of the accommodations,

advantages, facilities and privileges of any such place or provider shall be refused, withheld from

or denied to any person on account of... disability NYC Admin. Code § 8-107(4)(a)."

In this case Plaintiff was discriminated against his disability under New York City Human Right's law due to the fact that he was unable to enjoy the accommodations which were offered to able-bodied individuals concerning the above referenced locations.

## CAUSE OF ACTION UNDER NEW YORK STATE HUMAN RIGHTS LAW

. The New York State Human Rights Law provides:

"(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation..., because of the disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of... disability. NYS Exec. Law § 296 (2)(a)."

In this case Plaintiff was discriminated against his disability under New York State Human Right's law due to the fact that he was unable to enjoy the accommodations which were offered to able-bodied individuals concerning the above referenced locations.

## PLAINTIFF'S COMPENSATORY DAMAGES

In calculating compensatory damages under the NYSHRL and the NYCHRL, a court in the Southern District of New York found that "[t]he New York City Human Rights Commission has deemed awards of One-Thousand Dollars ($1,000.00) to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" Kreisler, 2012 U.S. Dist. LEXIS 129298, 2012 WL 3961304, (weighing the appropriate compensatory damages amount for the defendant's failure to provide a reasonably accessible restaurant). *Shalto v. Bay of Bengal Kabob Corp*., 2013 U.S. Dist. LEXIS 33277

In addition, New York Civil Rights Law § 40-c holds that any person who shall violate any of the provisions of New York Civil Rights Law § 40-d "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than Five-Hundred Dollars

($500.00), to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." New York Civil Rights Law § 40-d (emphasis added).

Plaintiff has provided the Court with Defendant's address in New York County. This Court has competent jurisdiction in New York County. Therefore, this Court has the authority to order Defendants to pay Plaintiff the $500 in statutory damages contemplated by the New York Civil Rights Law for the disability discrimination Plaintiff has suffered, and respectfully recommends that the District Court order that relief. Therefore, a Judgment in favor of Plaintiff for the amount of $1,500.00 would be proper.

The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendant's violation of the New York State Human Rights Law and one thousand dollars ($1,000.00) based on the Defendants violation of New York City Human Rights law. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and New York State Executive Law the New York City Human Rights Law. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9) and under New York City administrative Code.

## NO NEED FOR AN INQUEST

Although a plaintiff seeking to recover damages against a defaulting defendant must prove its claim through the submission of admissible evidence, see Smith ex rel. Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003), a hearing is unnecessary so long as (1) the Court has determined the proper rule for calculating damages, see Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and (2) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment,

see Transatlantic Case 1:13-cv-02287-RMB-FM Document 59 Filed 12/28/15 Page 5 of 10 Marine Claims Agency Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Here, because the requirements have been met, there is no need for a hearing. Also, Plaintiff is simply seeking Court to retain jurisdiction over the Plaintiff's claims concerning attorney fees, costs and disbursements.

## ATTORNEY'S FEES, LITIGATION EXPENSES AND COSTS

In this case, Plaintiff is seeking an award of his attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205, which provides: "In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs…" Plaintiff States:

The following have been incurred on behalf of Plaintiff:

a.  $4,500.00 in attorney's fees. See Gabriel A. Levy P.C. Time and Cost Sheet (Exhibit 4; A copy of the Fee Statement]; and

b.  $402.00 in litigation expenses ($402.00 Court Filing Fee).; and

c.  $1,500.00 in litigation expenses (ADA inspection report).; and

d.  $184.00 for process of service.

Plaintiff has agreed that his attorney's rates were reasonable. Plaintiff's attorney's fees, litigation expenses and costs are contingent upon an award by the Court and payment by the Defendant. Plaintiff's counsel certifies that he has reviewed his firm's time records and supporting data and that the motion is well grounded in fact and justified. Counsel's hourly rate is based on his experience litigating civil rights cases, particularly those involving discrimination claims under the ADA. To date, counsel has litigated over 80 cases involving ADA claims, for both plaintiff's and defendant's. Counsel's fee is also based on his extensive knowledge, experience, and familiarity with New York's building code, especially as it relates to ADA compliance.

Plaintiff is entitled to a judgment against Defendant for all attorneys' fees, litigation expenses

and costs incurred in this action. The relief obtained by the Plaintiff in this cause will not only benefit the Plaintiff, but every other individual with a disability who enters into and/or uses the subject premises. Therefore, Plaintiff would be entitled to fees equal to the unreduced lodestar amount where the public interest is also served. *See Costello v. Flatman*, LLC,. 13- 1446, 2014 WL 929008 (2d Cir. Mar. 11, 2014) (Remanding the case back to District Court for reconsideration of attorney fees).

WHEREFORE, Plaintiff respectfully moves the Court to enter default judgment against Defendants:

i.        Entering declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii.        Issuing a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth in the complaint;

iii.        Retaining jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.        Awarding of compensatory damages, in the amount of $1,500.00;

v.        Awarding reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vi.        Finding that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

vii.        For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: Brooklyn, New York
      January 19, 2022


                                    GABRIEL A. LEVY, P.C.


                                    Respectfully Submitted,


                                    _____/Gabriel A. Levy/_____

                                    Gabriel A. Levy (5488655)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JOSEF VOLMAN,

                                                        Case No 1:21-cv-04449-RPK-RER

                         Plaintiff,

      vs.                                        VERIFICATION

PERI PERI 2 LLC
And 660-DEGRAW ST. LLC LLC,

                         Defendants.

------------------------------------------------------------------X

I, Gabriel A. Levy (5488655), pursuant to 28 U.S.C. § 1746, hereby declare that the foregoing is true and correct to the best of my knowledge, and this declaration was executed in Brooklyn, New York on January 19, 2022.

Dated: Brooklyn, New York
       January 19, 2022

                                      GABRIEL A. LEVY, P.C.

                                      Respectfully Submitted,

                                      ____/Gabriel A. Levy/_____

                                      Gabriel A. Levy (5488655)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

JOSEF VOLMAN,                                    Case No: 1:21-cv-04449-RPK-RER

                Plaintiff,

    vs.                                          AFFIDAVIT OF SERVICE

PERI PERI 2 LLC.
and 660-DEGRAW ST. LLC,

                Defendants.

--------------------------------------------------------------------X

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the CM/ECF system on January 19, 2022 and was mailed via first class mail to Defendants, at the following addresses:

PERI PERI 2 LLC
C/O SOHAIB MALIK
235 MALCLM X BLVD
BROOKLYN, NY 11233

660-DEGRAW ST. LLC
191-16TH STREET, 1ST MAIL BOX
BROOKLYN, NY 11215

Dated: Brooklyn, New York
      January 19, 2022

                           ____/Gabriel A. Levy/_____

                           Gabriel A. Levy (5488655)

# EXHIBIT 1
# COMPLAINT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JOSEF VOLMAN

<table>
<tr><td></td><td>Case No. _____</td></tr>
</table>

Plaintiff,

-against-

**COMPLAINT**

PERI PERI 2 LLC and 660-DEGRAW ST. LLC,

Defendants.
-------------------------------------------------------------------------x

      Plaintiff Josef Volman (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy. P.C., as and for the Complaint in this action against defendants Peri Peri 2 LLC and 660-Degraw St. LLC (together referred to as "defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

    1.     This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

1

2. These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for defendants to accept responsibility. This action seeks to right that wrong by making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff has been and remains a resident of the State of New Jersey.

6. At all times relevant to this action, plaintiff has been and remains bound to ambulate in a wheelchair, having been born with spastic diplegia cerebral palsy with mild involvement of the right arm. As a result, Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Plaintiff lives 10 minutes away from New York and is currently working as a

2

DJ and entertainer throughout the New York area.

8.      At all relevant times, the defendants operate and/or lease property located at or about 173 4th Avenue, Brooklyn, New York 11217 (hereinafter referred to as the "Premises").

9.      Each defendant is licensed to and/ or does business in New York State.

10.      At all relevant times, the defendants operate a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.      Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Premises, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8- 102(9)).

12.      The Premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

13.      Numerous architectural barriers exist at defendants' place of public accommodation (the "Premises") that prevent and/or restrict access to plaintiff, a person with a disability.

14.      Upon information and belief, the Premises was designed and constructed for first possession after January 26, 1993.

15.      Upon information and belief, at some time after January 1992, defendants made alterations to the Premises, including areas adjacent and/or attached to the Premises.

16.      Upon information and belief, at some time after January 1992, defendants made alterations to the Premises.

17.     Within the past three years of filing this action, plaintiff attempted to and desired to access the Premises.

18.     Plaintiff travels within the New York area on a regular basis as part of his work as a DJ and intends on returning to the Premises in the future.

19.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

20.     Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

21.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

22.     Barriers to access that plaintiff encountered and/or which deter plaintiff from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

I.    INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.

4

EXISTING STEPS AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.

    a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. Accessible routes shall be provided where required by 206.2. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1). Changes in level shall comply with 303. Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II. NON COMPLIANT HANDRAILS NOT PROVIDED AS REQUIRED AT BOTH SIDES OF STEPS LEADING TO ENTRANCE.

    a. Handrails shall be provided on both sides of stairs and ramps.

III. INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING AREA.

    a. In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.

IV. INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING AREA. INACCESSIBLE TRAVEL PATH TO DINING TABLES LOCATED AT EXTERIOR DINING AREA. ACCESSIBLE ROUTE TO DINING TABLES LOCATED AT EXTERIOR DINING ARE NOT PROVIDED AS REQUIRED. EXISTING STEPS AT TRAVEL PATH LEADING TO DINING TABLES LOCATED AT EXTERIOR DINING AREA ACT AS A BARRIER TO ACCESSIBILILITY.

    a. In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.

V. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AR EXTERIOR FINING AREA. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

VI. INACCESSIBLE DINING COUNTER. NON-COMPLIANT HEIGHT OF DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING COUNTER. PORTION OF DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

VII. INACCESSIBLE SERVICE COUNTER. NON-COMPLIANT HEIGHT OF SERVICE COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a. Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904. Sales counters and service counters shall comply with 904.4.1 and 904.4.2. The accessible portion of the counter top shall not extend the same depth as the sales or service counter top. A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (916 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

VIII. INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dini

b. ng surfaces shall comply with 902. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. Toe clearance shall be 30 inches (760 mm) wide minimum. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. Knee clearance shall be 30 inches (760 mm) wide minimum.

IX. INACCESSIBLE SELF SERVICE BEVERAGE COOLER DISPLAYING BEVERAGES FOR PURCHASE. NON-COMPLIANCE HEIGHT OF SHELVES IN SELF SERVICE BEVERAGE COOLER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a. Self-servicing shelves and dispensing devices for tableware, dishware, condiments, food and beverages shall comply with 308. Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

23. The above listing is not to be considered all-inclusive of the barriers, which exist at the Premises.

24. Upon information and belief, a full inspection of the defendants' place of public

accommodation will reveal the existence of other barriers to access.

25.     As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

26.     Defendants have denied plaintiff the opportunity to participate in or benefit from services or accommodations because of a disability.

27.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

28.     Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

29.     Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

30.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31.     Plaintiff realleges and incorporates by reference all allegations set forth in this

Complaint as if fully set forth herein.

32.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted range of motion.

33.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

34.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

35.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

36.     By failing to comply with the law, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

37.     Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C.

§12183(a)(1).

38.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C.

§12182(b)(1)(A) and 28 C.F.R. § 36.203.

39.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

40.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

41.     28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

42.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

43.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

44.     In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

45.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28

       C.F.R § 36.101 *et. seq.*

46.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

47.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

48.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

49.    Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

50.    Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the defendants have aided and abetted others in committing disability discrimination.

51.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

52.    In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

53.    It would be readily achievable to make defendants' place of public accommodation fully accessible.

54.    It would not impose an undue hardship or undue burden on defendants to make

10

their place of public accommodation fully accessible.

55.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

56.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.


### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

57.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

59.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

*The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded*

*to provisions of this title, have been so construed.*

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

60.     Defendants have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8- 107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

61.     Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

62.     Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

63.     In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other

defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

64.     Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

65.     As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

66.     Upon information and belief, defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

67.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

68.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

69.     By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

70.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### **FOURTH CAUSE OF ACTION**
### **(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

71.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

72.     Defendants discriminated against plaintiff pursuant to New York State

Executive Law.

73.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

## INJUNCTIVE RELIEF

74.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

75.     Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

76.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

77.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

78.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

14

        i.        Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

        ii.        Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

        iii.        Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

        iv.        Award of compensatory damages in an amount to be determined at trial;

        v.        Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

        vi.        Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

        vii.        Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

        viii.        For such other and further relief, at law or in equity, to

15

which plaintiff may be justly entitled.

Dated: August 6, 2021

      Brooklyn, New York

                            Respectfully submitted,

                            **GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
41 Flatbush Avenue
1st Floor
Brooklyn, NY 11217
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com

16

# EXHIBIT 2
# AOS

ATTORNEY(s) : Gabriel A Levy PC
INDEX # : 1:21-CV-04449-RPK-RER
PURCHASED/FILED : August 9, 2021
STATE OF : NEW YORK
COURT : U. S. District
COUNTY/DISTRICT : Eastern Dist.

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Josef Volman

Plaintiff(s)

against

Peri Peri 2 LLC et ano

Defendant(s)

| | |
|---|---|
| STATE OF NEW YORK )<br>COUNTY OF ALBANY )SS<br>CITY OF ALBANY ) | **DESCRIPTION OF PERSON SERVED:**  Approx. Age: __55 Yrs.__ |

Weight: __120 Lbs.__  Height: __5' 0"__  Sex: __Female__  Color of skin: __White__

Hair color: __Blonde__  Other: _____

**Robert Guyette** , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **August 18, 2021** , at __12:50pm__ , at the office of the  Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons In A Civil Action & Complaint, Motion and Individual Practice Rule of Magistrate Judge Ramon E Reyes Jr and Individual Practice Rules of Judge Rachel P Kovner**

on

**660-Degraw St LLC**

the Defendant in this action, by delivering to and leaving with __Sue Zouky__

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of making such service, deponent paid said Secretary of State a fee of __$40__ dollars; That said service was made pursuant to Section  **LIMITED LIABILITY COMPANY LAW §303.**

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

__18th__  day of  __August 2021__

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette

**Invoice·Work Order # 2126644**
**Attorney File # 2119143**

ATTORNEY(S) : Gabriel A Levy PC
INDEX # : 1:21-CV-04449-RPK-RER
PURCHASED/FILED : August 9, 2021
STATE OF : NEW YORK
COURT : U. S. District
COUNTY/DISTRICT : Eastern Dist.

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Josef Volman

Plaintiff(s)

against

Peri Peri 2 LLC et ano

Defendant(s)

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: | 55 Yrs. |

STATE OF NEW YORK )
COUNTY OF ALBANY  )SS
CITY OF ALBANY        )

**DESCRIPTION OF PERSON SERVED:**    Approx. Age:  55 Yrs.

Weight: 120 Lbs.  Height:   5' 0"   Sex:  Female   Color of skin:   White

Hair color:   Blonde   Other:

**Robert Guyette**                    , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **August 18, 2021**      , at   **12:50pm**  , at the office of the  Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons In A Civil Action & Complaint, Motion and Individual Practice Rule of Magistrate Judge Ramon E Reyes Jr and Individual Practice Rules of Judge Rachel P Kovner**

on

**Peri Peri 2 LLC**

the Defendant in this action, by delivering to and leaving with              **Sue Zouky**

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of making such service, deponent paid said Secretary of State a fee of        $40      dollars; That said service was made pursuant to Section   **LIMITED LIABILITY COMPANY LAW §303**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this

18th   day of         August 2021

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette

**Invoice•Work Order # 2126643**
**Attorney File # 2119141**

# EXHIBIT 3
# CLERK'S
# CERTIFICATE
# OF DEFAULT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEF VOLMAN,

               Plaintiff,                         21-cv-04449-RPK-RER

       -    against  –               **CERTIFICATE OF DEFAULT**

PERI PERI 2 LLC
and 660-DEGRAW ST. LLC,
                      Defendants.
---------------------------------------------------------X

        I, Douglas C. Palmer, Clerk of the Court of the United States District Court for

the Eastern District of New York, do hereby certify that Defendants PERI PERI 2 LLC

and 660-DEGRAW ST. LLC, have not filed any answer or otherwise moved with

respect to the Complaint herein.  The default of Defendants PERI PERI 2 LLC

and 660-DEGRAW ST. LLC, is hereby noted pursuant to Rule 55(a)  of the  Federal

Rules of Civil Procedure.

Dated: Brooklyn, New York
     January 18, 2022

                          DOUGLAS C. PALMER, Clerk of the Court

                By: _Jalitza Poveda_____

                          Deputy Clerk

EXHIBIT 4
ATTORNEY
FEE
STATEMENT

**GABRIEL A. LEVY**
*Attorney at Law*
Gabriel A. Levy, P.C.
41 Flatbush Avenue
Brooklyn, NY 11217
(347) 941-4715

19-JAN-22

## ATTORNEY'S FEE STATEMENT

**Case(s):**

**VOLMAN vs. PERI PERI 2 LLC et al.**

**Client(s):**

**United States District Court, <u>Case No.: 1:21-cv-04449</u>**

| Date: | Description: | ABA Code(s): | Total Hours | Admin. Hours: | Legal Hours: |
|-------|--------------|--------------|-------------|---------------|--------------|
| 8/2/21 | Client Consultation, Review of Claims/Violations, Research RE: Property Ownership and Business Ownership at Subject Property | A106   A102 | 2.5 | 0.0 | 2.5 |
| 8/6/21 | Draft Complaint, Civil Cover Sheet, Proposed Summons; File Via CM/ECF | A103 A110 | 2.5 | 0.0 | 2.5 |
| 8/9/21 | Download Issued Summonses, Forward to Process Server for Service Via SOS and on Defendants, Review Judges Rules | A110 | 1.0 | 0.0 | 1.0 |
| 11/10/21 | Complied and Mailed Courtesy Copies of the Docket | A104 | 0.5 | 0.0 | 0.5 |
| 12/9/21 | Status Report Filed | A104 | 0.5 | 0.0 | .05 |
| 1/12/22 | Prepare and Filed Proposed Clerk's Default Filed | A104 | 1.0 | 0.0 | 1.0 |
| 1/19/22 | Prepare and Mailed Clerks Default Certificates | A104 | 0.5 | 0.0 | 0.5 |
| 1/19/22 | Motion for Default Judgment | A104 | 2.0 | 0.0 | 2.0 |

*TOTAL HOURS WORKED:*    *10.0*

**TOTAL BILLABLE ADMIN. HOURS:**    0.0

**TOTAL BILLABLE LEGAL HOURS:**    **10.0**

**LEGAL HOURS:**    $450.00/Hr.    $4,500.00

$00.00

**ADMIN HOURS:**    $250.00/Hr.    $4,500.00

**TOTAL FEES FOR LEGAL AND ADMINISTRATIVE HOURS:**

**COSTS:**

| Date | Description | Amount |
|------|-------------|--------|
| 8/6/21 | Court Filing Fee | $402.00 |
| 11/9/21 | Process Services Fee | $184.00 |
| 8/1/21 | ADA Inspection Report | $1,500.00 |

**TOTAL $2,086.00**

**TOTAL FEES & COSTS: $ 6,586.00**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSEF VOLMAN,                                          Case No: 1:21-cv-04449-RPK-RER

                              Plaintiff,

              vs.


PERI PERI 2 LLC
and 660-DEGRAW ST. LLC,

                              Defendants.
-----------------------------------------------------------------X

## <u>ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANTS FOR PLAINTIFF'S ATTORNEY FEES</u>

Before the Court is Plaintiff's motion for default judgment, injunctive relief, statutory damages, and an award of attorney's fees, litigation expenses, costs against Defendants Peri Peri 2 LLC and 660-Degraw St. LLC (collectively "Defendants").

This action was commenced on August 6, 2021 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was served on Defendants Peri Peri 2 LLC and 660-Degraw St. LLC on August 18, 2021, and proof of service was filed on December 9, 2021. The Defendants have not answered the Complaint and the time for answering the Complaint has expired. On January 18, 2022, the District Clerk entered Certificates of Default against Defendants due to their failure to answer or otherwise plead with respect to the Complaint. Therefore, it is hereby

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion for Default Judgment against Defendants is GRANTED; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Defendants have violated the Americans with Disabilities Act ("ADA") and its implementing regulations, Executive Law and Administrative Code as set forth in the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Defendants must close and cease all business at 173 4th Avenue, Brooklyn, New York 11217 until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code,

including but not limited to the violations set forth in the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED**, that this Court retains jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff has judgment against Defendants in compensatory damages pursuant to the New York State Human Rights Law and New York City Human Rights Law in the amount of $1,500.00; and it is further

**ORDERED, ADJUDGED and DECREED** that pursuant to 42 U.S.C. 12205, as the prevailing party in this litigation, Plaintiff is entitled to recover his reasonable attorney's fees, litigation expenses and costs from Defendants, jointly and severally, in the amount of $_____. This award shall accrue post-judgment interest at the rate of 0.15% for which let execution issue.

Dated Brooklyn, New York

_____

UNITED STATES DISTRICT JUDGE