UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-4449 (RPK)(RER)

———————————

JOSEF VOLMAN,

　　　　　　　　　　　　　　　　　　　　　Plaintiff,

VERSUS

PERI PERI 2 LLC
AND 660-DEGRAW ST. LLC,

　　　　　　　　　　　　　　　　　　　　　Defendants.

———————————

**REPORT & RECOMMENDATION**

August 16, 2022

———————————

TO THE HONORABLE RACHEL P. KOVNER
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

　　Plaintiff Josef Volman ("Plaintiff" or "Volman") commenced this action on August 6, 2021, alleging that defendants 660-Degraw St. LLC ("660-Degraw") and Peri Peri 2 LLC ("Peri Peri") (together, "Defendants") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; the New York State Human Rights Law ("NYSHRL"), NYS Executive Law § 296; New York State Civil Rights Law ("NYCRL"), New York Civil Rights Law § 40; and New York City Human Rights Law ("NYCHRL"), NYC Admin. Code § 8-107 by failing to make their facility accessible for people with disabilities. (ECF No. 1 ("Compl.")). Currently before the Court

1

is Plaintiff's motion for default judgment (ECF No. 11 ("Pl.'s Mot.")), which Your Honor has referred to me for a report and recommendation. (ECF Order dated 1/24/2022). For the reasons set forth herein, I respectfully recommend that Plaintiff's motion be granted in part and denied in part, and that the Court (1) grant default judgment on Plaintiff's ADA, NYSHRL, NYCRL, and NYCHRL claims; (2) issue an injunction requiring Defendants to remove the architectural barriers identified by Plaintiff and make their facilities ADA compliant; (3) award $500 in statutory damages under the NYCRL; (4) award $1,000 in compensatory damages under the NYSHRL and NYCHRL; (5) deny Plaintiff's request for declaratory judgment as moot and unnecessary; (6) grant Plaintiff leave to file a motion for attorney's fees within six months of any order adopting this report and recommendation, and upon a showing that he has made reasonable efforts to enforce the injunction contained herein; and (7) award Plaintiff $402 in costs.

## BACKGROUND

I.  Factual Allegations

Plaintiff, who has spastic diplegia cerebral palsy, is a resident of New Jersey. (Compl. ¶¶ 5–6). Plaintiff lives ten minutes from New York and works as a "DJ and entertainer" in locations throughout the New York City area. (*Id.* ¶ 7). Plaintiff's medical condition inhibits his body movement and ability to walk, and Plaintiff relies on a wheelchair for mobility. (*Id.* ¶ 6). Defendant 660-Degraw is the mortgagor of a property located at 173 4th Avenue in Brooklyn, New York (the "Premises"),[1] and Peri Peri operates a restaurant at the Premises.[2]

---

[1] Plaintiff did not specify whether 660-Degraw was the owner or the operator of the place of public accommodation located at 173 4th Avenue in Brooklyn, NY. However, public records of which the court takes judicial notice make clear that 660-Degraw is the mortgagor of the property. *See* ACRIS, Office of the City Register, N.Y.C. Dep't of Finance, https://a836-acris.nyc.gov/DS/DocumentSearch/DocumentImageView?doc_id=2020072900744004.

[2] While Plaintiff does not explicitly refer to the Premises as a restaurant, the Court can easily infer that a restaurant is at issue based on Plaintiff's descriptions of ADA violations. *See* (Compl. at 4–6) (discussing requirement that "in restaurants and cafeterias, an accessible route shall be provided to all dining areas;" and requirements applicable "where dining surfaces are provided for the consumption of food or drink"). *See also Finkel v. Romanowicz*, 577 F.3d

2

Plaintiff frequently travels to the area where the Premises is located. (Compl. ¶ 29). At some point within three years prior to initiating this action, Plaintiff "attempted to and desired to" access the Premises but "was and has been unable to enjoy safe, equal and complete access" to the Premises as a result of several barriers to accessibility (*Id.* ¶¶ 17–20), including: (1) an entrance with a step but no ramp; (2) a lack of handrails on either side of the steps leading to the entrance; and (3) a lack of accessible pathways to dining areas (*Id.* ¶ 22). Plaintiff further alleges that (1) the Premises' dining counter and tables do not provide minimum knee and toe clearance required by the ADA; (2) it provides insufficient ADA-compliant dining tables; (3) the dining and service counters exceed the maximum height allowance required by the ADA; and (4) the shelves in the self-service beverage cooler exceed the maximum height allowance permitted by the ADA (*Id.*).

According to Plaintiff, Defendants' failure to make the Premises fully accessible has resulted in a pattern of disability discrimination. (*Id.* ¶ 45). Plaintiff has suffered "emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety" as a result of Defendants' discriminatory treatment. (*Id.* ¶ 55). It would not impose undue burden or hardship on the Defendants to make the Premises fully accessible, and doing so would be readily achievable. (*Id.* ¶¶ 53–54). Plaintiff intends to patronize the Premises "several times a year" once it becomes fully accessible. (*Id.* ¶ 30).

II.    <u>Procedural History</u>

Plaintiff commenced this action on August 6, 2021. (Compl.). Defendants were properly served via the New York Secretary of State but failed to appear, move, or otherwise respond to this action. (ECF Nos. 6–7). Plaintiff subsequently requested certificates of default against the

---

79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to . . . draw all reasonable inferences in [plaintiff's] favor.") (citing *Au Bon Pain Corp. v. Artect, Inc*, 653 F.2d 61, 65 (2d Cir. 1981)).

Defendants on January 12, 2022 (ECF No. 9), and the Clerk of Court entered default against both Defendants on January 18, 2022. (ECF No. 10). Plaintiff now moves for default judgment and seeks relief in the form of (1) a declaratory judgment that the Defendants have violated Title III of the ADA, the NYSHRL, and the NYCHRL; (2) a permanent injunction ordering Defendants "to close and cease all business until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code," including but not limited to the violations set forth in the complaint; (3) the retention of jurisdiction by this Court until the violations are remedied; (4) $1,000 in compensatory damages under the NYSHRL and NYCHRL; (5) $500 in statutory damages under the NYCRL; (6) $6,586 in attorney's fees, costs, and expenses; and (7) any other relief "at law or in equity to which the plaintiff may be justly entitled." (Pl.'s Mot. at 7–10).

## DISCUSSION

I.  Default Judgment Standards

Federal Rule of Civil Procedure 55 imposes a "two-step process for obtaining default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, where a party's failure to respond is "shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the plaintiff must then petition the court for an entry of default judgment pursuant to Rule 55(b)(2). *See Priestley*, 647 F.3d at 505.

When granting a default judgment, the court must accept as true the plaintiff's well-pleaded factual allegations. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court must ultimately determine whether the plaintiff's factual allegations, taken as true, constitute a valid claim for which relief can be granted. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citing *Au Bon Pain Corp.* 653 F.2d at 65 ). However,

allegations as to damages need not be accepted as true; instead, a plaintiff must show with evidence that the compensation sought "naturally flow[s] from the injuries pleaded" and reflects the damages demanded in their pleadings. *Greyhound Exhibitgroup, Inc.* 973 F.2d at 158–59; Fed. R. Civ. P. 54(c).

II. Analysis

A. Standing

Standing is an "irreducible constitutional minimum[,]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), that must be satisfied by ADA plaintiffs to invoke the jurisdiction of federal courts. *Brown v. Mermaid Plaza Assocs. LLC*, No. 13-CV-0760 (AMD) (CLP), 2018 U.S. Dist. LEXIS 132364, at *14 (E.D.N.Y. Mar. 8, 2018). The Second Circuit has held that in ADA suits seeking injunctive relief, such as this one, a plaintiff must show: 1) a past injury under the ADA; 2) a reasonable inference that the discriminatory treatment would continue; and 3) a reasonable inference "based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013)). Under the ADA, "a 'broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" *Mermaid Plaza Assocs. LLC*, 2018 U.S. Dist. LEXIS 132364, at *15 (quoting *Harty v. Spring Valley Marketplace LLC*, No. 15 Civ. 8190 (NSR), 2017 U.S. Dist. LEXIS 3418, at *6 (S.D.N.Y. Jan. 9, 2017)). "Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at . . . [places of public accommodation] . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Ross v. Royal Pizza Cafe*

*Corp.,* No. 17-CV-6294 (FB) (RML), 2018 U.S. Dist. LEXIS 130211, at *5 (E.D.N.Y. Aug. 1, 2018) (quoting *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01 Civ. 5518, 2003 U.S. Dist. LEXIS 5145 at *7 (S.D.N.Y. Apr. 2, 2003) (citations omitted)).

Plaintiff has standing here. First, as described below, Plaintiff has shown that he was injured under the ADA by Defendants' failure to make the Premises accessible. Second, since many of the barriers are architectural in nature, it is reasonable to infer that this discriminatory treatment will continue unless the Court intervenes. Third, Plaintiff frequently travels to the area where the Restaurant is located, and intends to patronize the Premises "several times a year" once it becomes fully accessible. (Compl. ¶¶ 29–30). Thus, Plaintiff has standing. *See Mermaid Plaza Assocs. LLC,* 2018 U.S. Dist. LEXIS 132364, at *17* (finding testimony that the plaintiff had trouble using her wheelchair on a store's ramps because of the slope and condition of the ramps, among other barriers, "sufficient to establish that the plaintiff was injured by the barriers in a personal and individual way."); *Royal Pizza Cafe Corp.,* 2018 U.S. Dist. LEXIS 130211, at *7 (finding that a plaintiff has standing under the ADA when she had a protected disability and wanted to access a restaurant near her home but could not due to architectural barriers).

B. <u>Defendants Are Liable Under the ADA</u>

As discussed below, Plaintiff has established Defendants' liability under Title III of the ADA. The statute provides in relevant part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). In order "[t]o state a claim under this provision, a plaintiff must allege: '(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the

6

plaintiff within the meaning of the ADA.'" *Treyger v. Liberty 99 Cents Paradise Inc.*, No. 21-CV-5189 (PKC) (RER), 2022 U.S. Dist. LEXIS 72134, at *10 (E.D.N.Y. Apr. 18, 2022) (quoting *Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 U.S. Dist. LEXIS 134540, at *5 (E.D.N.Y. July 19, 2021), *adopted by* 2021 U.S. Dist. LEXIS 147973 (Aug. 6, 2021)), *adopted by* ECF Order dated 5/19/2022 (alterations in original).

First, Plaintiff has demonstrated that he is a disabled individual within the meaning of the ADA. "Disability is defined by the ADA as 'a physical or mental impairment that substantially limits one or more major life activities of such individual'" and the statute explicitly lists "walking" as a major life activity. *Liberty 99 Cents Paradise Inc.*, 2022 U.S. Dist. LEXIS 72134, at *10 (quoting 42 U.S.C. § 12102). Since Plaintiff is "bound to ambulate in a wheelchair" and suffers from medical conditions that "inhibit walking and restrict body motion," (Compl. ¶ 6), Plaintiff is clearly a disabled individual under the ADA. *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920 (KAM) (VMS), 2013 U.S. Dist. LEXIS 33277, at *9 (E.D.N.Y. Feb. 6, 2013) ("Plaintiff is disabled under the ADA by virtue of his paraplegia . . . [Plaintiff is] paralyzed from the waist down and 'confined to a wheelchair,' which substantially limits him in the major life activity of walking."), *adopted in relevant part by* 2013 U.S. Dist. LEXIS 31714 (Mar. 7, 2013).

Second, the ADA lists any "restaurant, bar, or other establishment serving food or drink" as a place of public accommodation under Title III. 42 U.S.C. § 12181(7)(B). Plaintiff alleges that Defendants "own, lease, lease to, control or operate a place of public accommodation," (Compl. ¶ 11), which one can infer to be a restaurant. *See Hashimi,* 2021 U.S. Dist. LEXIS 134540, at *6 (inferring that the subject premises is a restaurant based on descriptions of "dining tables and [a] bar"). The Premises therefore falls within the scope of the ADA as a place of public

7

accommodation. *See id.* ("Accordingly, the restaurant falls within the scope of the ADA, and defendants are subject to the ADA's prohibition" on discrimination).

Finally, Plaintiff has sufficiently demonstrated that he was discriminated against within the meaning of the ADA. Discrimination can be found under the ADA when there is "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable" 42 U.S.C. § 12182(b)(2)(A)(iv), where "readily achievable" means "without much difficulty or expense." 42 U.S.C. § 12181(9). Plaintiff has alleged that Defendants have failed to remove architectural barriers at the Premises and that such removal is readily achievable and would not impose an undue hardship or burden on the Defendants (Compl. ¶¶ 42–43, 54), satisfying this final prong. *See Royal Pizza Cafe Corp.*, 2018 U.S. Dist. LEXIS 130211, at *8 (finding that a plaintiff established ADA liability when the "[p]laintiff alleges, and the court accepts as true, that defendants have failed to remove architectural barriers where such removal is readily achievable and would not impose an undue hardship on defendant."), *adopted by* 2018 U.S. Dist. LEXIS 204267 (Dec. 3, 2018). Additionally, a plaintiff may "establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." *Hashimi*, 2021 U.S. Dist. LEXIS 134540, at *7 (quoting *Harty*, 2017 U.S. Dist. LEXIS 3418, at *5 (internal quotation marks and citation omitted)). Here, plaintiff has alleged that he was unable to enjoy full and equal access to the Restaurant as a result of several architectural barriers that violate the provisions of the ADAAG. (Compl. at 4–6). Consequently, plaintiff has been discriminated against within the meaning of the ADA. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 U.S. Dist. LEXIS 179255, at *4 (E.D.N.Y. Dec. 20, 2013) ("As this is a motion for default judgment, the Court accepts plaintiff's allegations as true that defendant's property is not in

8

compliance with these provisions of the ADAAG and that the removal of these architectural barriers is readily achievable. Therefore, plaintiff establishes defendant's liability under Title III of the ADA.").

As Plaintiff has shown that he is disabled, that the premises is a place of public accommodation, and that he faced discrimination within the meaning of the ADA, I respectfully recommend granting default judgment on Plaintiff's ADA claims.

### C. Defendants Are Liable Under the NYSHRL, NYCRL, and NYCHRL

Plaintiff also seeks default judgment on his claims under the NYSHRL, NYCRL, and NYCHRL based on the same architectural barriers as his ADA claims. (Pl.'s Mot. at 6–8). "A plaintiff who establishes entitlement to default judgment under the ADA also establishes liability under the NYCRL, NYSHRL, and NYCHRL." *Liberty 99 Cents Paradise Inc.*, 2022 U.S. Dist. LEXIS 72134, at *13 (quoting *Chavez v. 25 Jay St. LLC*, No. 20-CV-845 (AMD) (PK), 2021 U.S. Dist. LEXIS 36831 at *6 (E.D.N.Y. Feb. 24, 2021), *adopted by* 2021 U.S. Dist. LEXIS 49757 (Mar. 16, 2021)). Since Plaintiff has established Defendants' liability under the ADA, Plaintiff has also proven the Defendants' liability under the NYSHRL, NYCRL, and NYCHRL. *See Royal Pizza Cafe Corp.*, 2018 U.S. Dist. LEXIS 130211, at *11 ("Because plaintiff has met the standard for establishing liability under the ADA, I find that defendant is liable for violating the NYSHRL, New York State Civil Rights Law, and NYCHRL, on the basis of the same architectural barriers that establish ADA liability.").

Accordingly, I respectfully recommend granting default judgment on Plaintiff's NYSHRL, NYCRL, and NYCHRL claims.

## DAMAGES

Plaintiff seeks (1) a declaratory judgment that the Defendants have violated Title III of the ADA, the NYSHRL, and the NYCHRL; (2) a permanent injunction ordering Defendants "to close and cease all business until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code," including but not limited to the violations set forth in the Complaint; (3) the retention of jurisdiction by this Court until the violations are remedied; (4) $1,000 in compensatory damages under the NYSHRL and NYCHRL; (5) $500 in statutory damages under the NYCRL; (6) $6,586 in attorney's fees, costs, and expenses; and (7) any other relief "at law or in equity to which the plaintiff may be justly entitled." (Pl.'s Mot. at 7–10). For the reasons set forth below, I recommend granting modified injunctive relief, denying Plaintiff's request for declaratory relief as moot, and awarding Plaintiff $500 in damages under the NYCRL, and $1,000 in damages under the NYSHRL and NYCHRL. I also recommend awarding $402 in costs, but denying attorney's fees at this time with leave to reapply.

### I.   Injunctive Relief

Plaintiff seeks a permanent injunction under the ADA. (Pl.'s Mot. at 10). "The ADA provides a private right of action for injunctive relief, which 'shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746 (EK) (LB), 2020 U.S. Dist. LEXIS 156146, at *14 (E.D.N.Y. Aug. 26, 2020) (quoting 42 U.S.C. § 12188(a)(2)), *adopted by* 2020 U.S. Dist. LEXIS 238404 (Dec. 18, 2020). Here, because Plaintiff has established Defendants' violation of the ADA, I respectfully recommend granting Plaintiff's request for injunctive relief. However, I do not recommend ordering Plaintiff's proposed injunction, which requires immediate closure of the Premises. Instead, I recommend following the "often-used method in this district for awarding

10

injunctive relief in ADA cases" and "require[ing] defendants to submit a compliance plan within a prescribed period of time." *Liberty 99 Cents Paradise Inc.*, 2022 U.S. Dist. LEXIS 72134, at *15 (quoting *Apna Food & Oil Corp.*, 2020 U.S. Dist. LEXIS 156146, at *6).

In line with this method, I respectfully recommend that Court issue an injunction requiring: (1) Defendants to prepare architectural and construction plans remedying the ADA violations described in the Complaint, and submit those plans to Plaintiff's counsel for approval within sixty days of any order adopting this report and recommendation; (2) Plaintiff to consent or to seek further relief from the Court regarding those plans within thirty days of receipt; and, (3) Defendants to complete the necessary modifications within sixty days after Plaintiff consents to the alterations or an order is granted on Plaintiff's request for further relief. *See Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK) (RLM), 2022 U.S. Dist. LEXIS 4765 at *6 (E.D.N.Y. Jan. 10, 2022), *adopted by* 2022 U.S. Dist. LEXIS 31816 (Feb. 23, 2022) (ordering a similar injunction in a factually similar case); *Apna Food & Oil Corp.*, 2020 U.S. Dist. LEXIS 156146 at *6 (same); *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19-CV-3942 (NGG) (SMG), 2020 U.S. Dist. LEXIS 125678 at *5 (E.D.N.Y. July 16, 2020) (same); *Beach 90th St. Realty Corp.*, 2013 U.S. Dist. LEXIS 179255 at *5 (same); *Adams v. 724 Franklin Ave. Corp.*, No. 16-CV-5138 (BMC), 2016 U.S. Dist. LEXIS 180432 at *3 (E.D.N.Y. Dec. 30, 2016) (same).

II.  Declaratory Relief

Plaintiff seeks declaratory judgment "declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures." (Pl.'s Mot. at 10). "The Declaratory Judgment Act provides, '[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an

11

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Liberty 99 Cents Paradise Inc.*, 2022 U.S. Dist. LEXIS 72134, at *18 (quoting 28 U.S.C. § 2201(a)). However, "whether to grant a declaratory judgment is in the court's discretion." *Hum. Res. Rsch. & Mgmt. Grp., Inc. v. Cty. of Suffolk*, 687 F. Supp. 2d 237, 268 (E.D.N.Y. 2010). As I have already recommended that the Court grant Plaintiff's request for injunctive relief, I respectfully recommend that the request for declaratory judgment be denied as moot and unnecessary. *See First Class Furniture & Rugs Inc.*, 2022 U.S. Dist. LEXIS 4765, at *15 (recommending that a plaintiff's request for declaratory relief be denied as unnecessary and moot in light of the recommended injunction).

    III.    <u>Statutory Damages</u>

        A.  <u>NYCRL Statutory Damages</u>

Plaintiff seeks $500 in statutory damages under the New York Civil Rights Law. (Pl.'s Mot. at 9). Violators of the NYCRL "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. Civ. Rights Law § 40-d. This Court has jurisdiction over Defendants and the Premises, which is located in Kings County. (Compl. ¶ 8). Accordingly, I respectfully recommend awarding Plaintiff $500 in statutory damages under the NYCRL. *See Liberty 99 Cents Paradise Inc.*, 2022 U.S. Dist. LEXIS 72134, at *17 (E.D.N.Y. Apr. 18, 2022) (collecting cases awarding $500 under the New York Civil Rights Law for similar violations).

        B.  <u>NYSHRL and NYCHRL Damages</u>

12

Plaintiff seeks $1,000 in compensatory damages under the NYSHRL and NYCHRL. (Pl.'s Mot. at 7, 10). "Courts in this District and the 'New York City Human Rights Commission [have] deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damages other than what a decent and reasonable individual would suffer when faced with bad behavior.'" *Apna Food & Oil Corp.*, 2020 U.S. Dist. LEXIS 156146, at *17 (alterations original) (quoting *Bay of Bengal Kabob Corp.*, 2013 U.S. Dist. LEXIS 33277 at *10). Plaintiff has alleged that Defendants caused him "emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety" as a result of their discriminatory treatment. (Compl. ¶ 55). Accordingly, I respectfully recommend awarding Plaintiff $1,000 in damages under the NYSHRL and NYCRHL. *See Royal Pizza Cafe Corp.*, 2018 U.S. Dist. LEXIS 130211, at *11 (awarding $1,000 in damages under the NYSHRL and NYCHRL when the plaintiff "has suffered mental anguish, inconvenience, emotional distress, frustration, anxiety, and humiliation" due to discrimination); *Apna Food & Oil Corp.*, 2020 U.S. Dist. LEXIS 156146, at *17 (same).

## IV. Costs and Fees

Plaintiff requests attorney's fees totaling $4,500 and litigation costs totaling $2,086. (Pl.'s Mot. at 9). For the reasons set forth below, I respectfully recommend that the Court award $402 in costs, but deny Plaintiff's request for attorney's fees at this time.

### A. Attorney's Fees

"The Court has discretion to award 'a reasonable attorney's fee, including litigation expenses, and costs' to the prevailing party in an ADA litigation." *Apna Food & Oil Corp.*, 2020 U.S. Dist. LEXIS 156146, at *18 (quoting 42 U.S.C. § 12205). A "[p]laintiff bears the burden of proving the reasonableness of the attorneys' fees sought." *First Class Furniture & Rugs Inc.*, 2022 U.S. Dist. LEXIS 4765, at *18. "It is established precedent that 'contemporaneous time records are a

prerequisite for attorney's fees in this Circuit.'" *Liberty 99 Cents Paradise Inc.*, 2022 U.S. Dist. LEXIS 72134, at *19 (quoting *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)). The burden is on the party applying for fees to provide satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *First Class Furniture, Inc.*, 2022 U.S. Dist. LEXIS 4765, at *19. "In recent years, fees have been awarded in the Eastern District of New York [in ADA cases] at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals[.]" *Id.* (quoting *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (collecting cases).

Here, Plaintiff seeks $4,500 in attorney's fees for ten hours of work at a rate of $450 per hour for attorney Gabriel Levy ("Levy"). (Pl.'s Mot. at Ex. 4). Plaintiff explains that his "rate is based on his experience litigating civil rights cases, particularly those involving discrimination claims under the ADA" as well as his "extensive knowledge, experience, and familiarity with New York's building code, especially as it relates to ADA compliance[,]" and that "[t]o date, counsel has litigated over 80 cases involving ADA claims, for both plaintiff's [sic] and defendant's [sic]." (Pl.'s Mot. at 10). However, Plaintiff has not submitted an affidavit stating that $450 is the fee he typically charges clients or that this fee is reasonable in this District, has not provided evidence that his time records are contemporaneous, and has not described his credentials in detail, all of which are part of a proper application for attorney's fees, as Mr. Levy knows. *See Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745 (AMD) (CLP), 2022 U.S. Dist. LEXIS 37152, at *15–16 (E.D.N.Y. Mar. 1, 2022) (recommending the denial of attorney's fees for Mr. Levy when he provided "no support for the rates charged or the reasonableness of the hours expended in connection with his fee request[,]" did not "provide any sort of affidavit stating that the fees

14

requested are those usually charged to his clients," and did not "provide any evidence of his credentials or experience.").

Further, the work Mr. Levy did in this case was not sufficiently complex to justify his requested rate. *See First Class Furniture*, 2022 U.S. Dist. LEXIS 4765 at *20 (discounting an attorney's rate when "the nature of [Counsel's] work in this cause was 'relatively straightforward, particularly since defendants defaulted and no novel or complex issues are raised in the complaint'") (quoting *Grinblat v. H & 6 Assoc. Inc.*, 19-CV-2034 (LDH) (SMG), 2020 U.S. Dist. LEXIS 124678 at *3 (E.D.N.Y. July 10, 2020), *adopted by* 2020 U.S. Dist. LEXIS 191493 (Oct. 15, 2020)) (internal citations omitted). Plaintiff's Complaint and Motion use boilerplate language that is extremely similar to the language used in other cases Mr. Levy has recently brought in this District. *See Florez v. Mister Cangrejo N.Y. Corp.*, No. 20-CV-04745, (E.D.N.Y, Oct. 4, 2020) ECF Nos. 1, 15; *Adams v. The Alcove Restaurant, Inc.*, No. 21-CV-03738, (E.D.N.Y., July 2, 2021) ECF Nos. 1, 12. "In such situations, courts may '(i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount.'" *Beach 90th St.*, 2013 U.S. Dist. LEXIS 180185, at *18 (quoting *Access 4 All, Inc. v. 135 W. Sunrise Realty Corp.*, No. 06-CV-5487 (AKT), 2008 U.S. Dist. LEXIS 91674, at *40 (E.D.N.Y. Sep. 30, 2008)).

In light of these deficiencies, I respectfully recommend that Plaintiff's application for attorney's fees be denied at this time. "Instead, I recommend, as other courts in this District recently have, that Plaintiff be given leave to file a motion for attorney's fees within six months of any order adopting this report and recommendation upon a showing that he has made reasonable efforts to enforce the injunction recommended above." *Liberty 99 Cents Paradise Inc*., 2022 U.S. Dist. LEXIS 72134, at *20 (collecting cases and noting that "Plaintiff's counsel should also note that courts are empowered to adjust attorney's fees downward to reflect work that 'boilerplate' or

15

otherwise problematic."); *see also Hashimi*, 2021 U.S. Dist. LEXIS 134540, at *14 ("Given the deficiencies in plaintiff's application for fees and costs, the Court recommends denying plaintiff's request with leave to refile (with proper evidentiary support) within six months, upon demonstrating reasonable efforts to enforce the injunctive relief recommended herein."); *Taylor v. 312 Grand St. LLC*, 2016 U.S. Dist. LEXIS 36623, at *19–20 (E.D.N.Y. Mar. 22, 2016) ("deferring the issue of fees until such time as plaintiff can demonstrate that he has made a reasonable effort to obtain compliance with the injunction. At that time, plaintiff's attorney can seek to cure the deficiencies in her present request for attorneys' fees by demonstrating a reasonable hourly rate.").

    B.  <u>Costs</u>

Plaintiff also requests $2,086 in costs, including a court filing fee of $402, a process service fee of $184, and an ADA inspection report fee of $1,500. (Pl.'s Mot. at 9). In an application for costs, "the fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229 (SJF) (SIL), 2020 U.S. Dist. LEXIS 59017, at *29 (E.D.N.Y. Apr. 2, 2020) (quoting *Volpe v. Nassau County*, No. 12-CV-2416, 2016 U.S. Dist. LEXIS 147223 at *10 (E.D.N.Y. Oct. 24, 2016)). However, "filing fees are recoverable without supporting documentation if verified by the docket." *Feltzin,* 393 F. Supp. 3d at 219 (collecting cases).

Plaintiff has not submitted any receipts or supporting documentation to support his application for costs. I therefore respectfully recommend that the Court deny Plaintiff's requests for costs as to the process service fee and the ADA inspection report at this time. *See Feltzin*, 393 F. Supp. 3d at 219 (declining to award those costs for which "Plaintiff provided no supporting documentation or receipts with his application, nor are there any filed on the docket"); *Liberty 99 Cents Paradise*

*Inc.*, 2022 U.S. Dist. LEXIS 72134, at *21 ("[S]ince Plaintiff has not submitted any receipts or other supporting documentation to show the costs incurred in this litigation, I respectfully recommend that the Court deny Plaintiff's request for costs and fees at this time.")

Although the Plaintiff did not submit an invoice for the filing fee, the docket indicates that the filing fee was paid. (ECF No. 1). I therefore respectfully recommend that Plaintiff be awarded the $402 filing fee. *See Feltzin,* 393 F. Supp. 3d at 219 (awarding costs for the filing fee because it appears on the docket).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court (1) grant default judgment on Plaintiff's ADA, NYSHRL, NYCRL, and NYCHRL claims; (2) issue an injunction requiring Defendants to remove the architectural barriers identified by Plaintiff and make their facilities ADA compliant; (3) award $500 in statutory damages under the NYCRL; (4) award $1,000 in compensatory damages under the NYSHRL and NYCHRL; (5) deny Plaintiff's request for declaratory judgment as moot and unnecessary; (6) grant Plaintiff leave to file a motion for attorney's fees within six months of any order adopting this report and recommendation, and upon a showing that he has made reasonable efforts to enforce the injunction contained herein; and (7) award Plaintiff $402 in costs.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court within five days.

Any objections to the recommendations made in this report must be filed with the Clerk of the Court and the Honorable Rachel P. Kovner within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).


RESPECTFULLY RECOMMENDED.


**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 16, 2022
       Brooklyn, NY